**F I L E D**

PUBLISH

**April 3, 2007**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

---

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

v.

CHRISTOPHER HOLYFIELD,

Defendant-Appellant.

No. 05-1318

---

**APPEAL FROM THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLORADO**
**(D.C. NO. 00-CR-439-S)**

---

Beth L. Krulewitch, Beth L. Krulewitch P.C., Denver, Colorado, for Defendant-Appellant.

Martha Ann Paluch, Assistant United States Attorney (Philip A. Brimmer, Assistant United States Attorney, with her on the brief), Office of the United States Attorney, Denver, Colorado, for Plaintiff-Appellee.

---

Before **McCONNELL**, **BALDOCK**, and **TYMKOVICH**, Circuit Judges.

---

**TYMKOVICH**, Circuit Judge.

---

A federal jury convicted Christopher Holyfield of conspiracy to distribute over fifty grams of crack cocaine and over five kilograms of powder cocaine, a crime with a sentencing range spanning ten years to life in prison. 21 U.S.C.

§ 841(b)(1)(A). The district court sentenced him to life in prison based on a minimum sentence statutorily mandated due to two prior convictions in California state court.

On appeal, Holyfield challenges the mandatory minimum as violating his Sixth Amendment right to jury trial. First, he claims the district court violated the Sixth Amendment by establishing his prior convictions without letting a jury decide whether the convictions existed or not. Second, he claims the district court violated the Sixth Amendment by applying the minimum based upon two prior convictions when the second conviction overlapped with the conduct in the instant offense. Holyfield contends the overlapping nature of the offenses required a jury finding on whether he engaged in illicit activity after his 1998 state conviction for marijuana possession became final.

United States Supreme Court precedent forecloses both arguments. The Sixth Amendment is not violated where a judge determines the existence of prior violations. We therefore AFFIRM the life sentence.

## I. Background

Christopher Holyfield was indicted along with nineteen others for a conspiracy to distribute over fifty grams of crack cocaine and over five kilograms of powder cocaine in violation of 21 U.S.C. § 846. Due to two prior state convictions, the Government notified the court prior to trial of its intent to seek increased punishment against Holyfield pursuant to 21 U.S.C. §§ 841(b) and 851

in the form of a mandatory minimum sentence.[1]  A superseding indictment added a murder charge to Holyfield's indictment.  Holyfield was subsequently acquitted of the murder charge, but found guilty of the drug conspiracy.  As a result of the mandatory minimum required by his two prior convictions, the district court sentenced Holyfield to life in prison.

Holyfield's two prior convictions were the result of guilty pleas in California state court (1) on August 18, 1993 for transporting cocaine, and (2) on July 13, 1998 for possession of marijuana for sale.  The conspiracy charged in this federal case ran from October of 1996 through September of 2000, thus overlapping in part with the 1998 charges.

## II. Discussion

Both of Holyfield's challenges to his § 841(b)(1)(A) mandatory minimum rely upon *Apprendi v. New Jersey*, 530 U.S. 466 (2000), so we review the question of whether his sentence violates that decision *de novo*.  *United States v. Michel*, 446 F.3d 1122, 1132 (10th Cir. 2006).

---

[1] The parties, district court, and even many of our prior decisions have referred to the mandatory minimum required by § 841(b) as a "sentence enhancement," *see United States v. McKissick*, 204 F.3d 1282, 1300–01 (10th Cir. 2000); *United States v. Green*, 175 F.3d 822, 833–34 (10th Cir. 1999), because the language in § 851(a)(1) requires notice if "increased punishment" will be based on prior convictions.  We find discussing the prior convictions component of § 841(b) as a mandatory minimum rather than as an enhancement is more precise since it follows the language of the statute.

## A. Apprendi Exception for Prior Convictions

The Supreme Court has held that the Sixth Amendment requires the government to submit to a jury facts which increase a crime's penalty beyond the statutory maximum to avoid a Sixth Amendment violation. *Apprendi*, 530 U.S. at 490. Excepted from this rule is judicial fact-finding used solely to establish a prior conviction. *Id.* at 489–90. To determine the "fact of prior conviction," a sentencing court may examine "the language of the statute of conviction, the terms of the charging document, the terms of a plea agreement or transcript of colloquy between judge and defendant . . ., or to some comparable judicial record of this information." *United States v. Taylor*, 413 F.3d 1146, 1157 (10th Cir. 2005) (internal quotations omitted).

Holyfield contends recent decisions by the Supreme Court portend the elimination of *Apprendi*'s prior conviction exception, *see Shepard v. United States*, 544 U.S. 13, 26 n.5 (2005); *see also id.* at 27 (Thomas, J., concurring) ("a majority of the Court now recognizes [the prior conviction rule] was wrongly decided."). While there may be some truth to Holyfield's contention, we have repeatedly rejected these types of challenges. "Unless and until the Supreme Court determines otherwise, we will continue to follow applicable precedent." *United States v. Moore*, 401 F.3d 1220, 1224 (10th Cir. 2005); *see also United States v. Harris*, 447 F.3d 1300, 1303 n.1 (10th Cir. 2006) (same).

But even if the *Apprendi* exception for prior convictions was modified by the Supreme Court, Holyfield's appeal would still fail.  The district court's fact-finding regarding the prior convictions did not raise Holyfield's sentence beyond the statutory maximum.

**B.  Sentence Did Not Exceed Statutory Maximum**

Holyfield's alternative Sixth Amendment argument is that "[e]ven if the fact of a prior felony conviction need not be determined by a jury, where a prior conviction overlaps with [the instant] offense, additional factual findings are required to determine the propriety of using the overlapping conviction as a basis for [establishing a mandatory minimum sentence] and thus must be found by a jury."  Aplt. Br. at 13.

According to Holyfield, because the purpose of the prior conviction mandatory minimum sentence is to punish recidivists, a jury must find that recidivism occurred *after* the prior convictions are complete.  He contends this overlap issue is one of first impression for the Circuit and engages the government over whether the additional facts needed to establish recidivism fall within the *Apprendi* exception for prior convictions.  While having some appeal, we need not reach this contention.  Supreme Court precedent makes clear that *Apprendi* does not apply in these circumstances.[2]

---

[2]  Holyfield also argues that the district court did not make a factual finding that he engaged in criminal conduct after the 1998 conviction.  The record,

(continued...)

The year following *Apprendi*, the Supreme Court held that judicial fact-finding leading to a mandatory minimum sentence is permissible as long as the mandatory minimum sentence does not exceed the maximum sentence available under the jury's verdict. *Harris v. United States*, 536 U.S. 545, 567–68 (2002). The Court in *Harris* determined that Sixth Amendment jury protections only ensure that the defendant will get no "more punishment than he bargained for when he did the crime" absent a jury verdict or guilty plea; it does not ensure that he will get less. *Id.* at 566. Accordingly, if the defendant faces no greater punishment because of judicial fact-finding, the rule of *Apprendi* does not apply: "[I]t does not include facts triggering a mandatory minimum. The minimum may be imposed with or without the factual finding; the finding is by definition not 'essential' to the defendant's punishment." *Harris*, 536 U.S. at 561 (citing *McMillan v. Pennsylvania*, 477 U.S. 79, 87 (1986)).

The Court's pronouncement in *Harris* followed from its earlier assertion in *Apprendi* that "[o]ther than the fact of a prior conviction, any fact that increases the penalty for a crime *beyond the prescribed statutory maximum* must be submitted to a jury, and proved beyond a reasonable doubt." 530 U.S. at 490 (emphasis added). Facts that increase a sentence, but not beyond the statutory

---

[2](...continued)
however, is clear that Holyfield in fact engaged in criminal conduct after the conviction became final in July 1998 and before he began serving his sentence for that crime.

maximum, historically were not deemed essential elements of a crime and need not be alleged in an indictment or found by a jury. (*But see* Thomas, J., dissenting: "Whether one raises the floor or raises the ceiling it is impossible to dispute that the defendant is exposed to greater punishment than is otherwise prescribed." *Harris*, 536 U.S. at 579).[3]

The holding in *Harris* forecloses Holyfield's appeal. In this case, the two prior convictions set his mandatory minimum equal to the statutory maximum—life in prison—but did not push the sentence *beyond* that maximum. Due to the quantity of crack cocaine involved in the offense, Holyfield was eligible for a sentence ranging from ten years to life in prison. 21 U.S.C. § 841(b)(1)(A). Based on the two prior convictions, Holyfield was sentenced to life.

Since the sentence mandated by the prior convictions fell within the statutory range established before considering the prior convictions, *Apprendi* does not apply and the district court's sentence did not run afoul of the Sixth Amendment. *See also United States v. Estrada*, 428 F.3d 387, 390 (2d Cir. 2005) (same; applying 21 U.S.C. § 841 mandatory minimum of life); *United States v.*

---

[3] Only a few months ago, the Supreme Court reiterated that the statutory maximum is the top of the applicable sentencing range "without finding an additional fact." *Cunningham v. California*, 127 S. Ct. 856, 865 (2007) ("In other words, the relevant statutory maximum is not the maximum sentence a judge may impose after finding additional facts, but the maximum he may impose *without* any additional findings.") (internal quotations omitted).

*Dare*, 425 F.3d 634, 640–41 (9th Cir. 2005) (same; applying mandatory minimum of ten years for brandishing a firearm).

### III. Conclusion

Based on the foregoing analysis, we AFFIRM the district court sentence of life in prison.