**F I L E D**

**UNITED STATES COURT OF APPEALS**

**April 3, 2007**

**TENTH CIRCUIT**

| | |
|---|---|
| UNITED STATES OF AMERICA, | |
| Plaintiff-Appellee, | No. 06-3247 |
| v. | (D. of Kan.) |
| SALVADOR MENDEZ-ZAMORA, | (D.C. Nos. 03-CV-3436-CM and |
| Defendant-Appellant. | 00-CR-20066-CM) |

**ORDER DENYING CERTIFICATE OF APPEALABILITY**[*]

Before **HENRY**, **TYMKOVICH**, and **HOLMES**, Circuit Judges.[**]

Salvador Mendez-Zamora seeks a Certificate of Appealability (COA) for

his 28 U.S.C. § 2255 habeas petition. He proceeds pro se so we construe his

pleadings liberally. *Cummings v. Evans*, 161 F.3d 610, 613 (10th Cir. 1998). We

will issue a COA "only if the applicant has made a substantial showing of the

denial of a constitutional right." 28 U.S.C. § 2253(c)(2). We find no

---

[*] This order and judgment is not binding precedent except under the
doctrines of law of the case, res judicata and collateral estoppel. It may be cited,
however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th
Cir. R. 32.1.

[**] After examining the briefs and the appellate record, this three-judge
panel has determined unanimously that oral argument would not be of material
assistance in the determination of this appeal. *See* Fed. R. App. P. 34(a); 10th
Cir. R. 34.1(G). The cause is therefore ordered submitted without oral argument.

constitutional rights were denied Mendez-Zamora and DENY his request for a COA.

## I. Analysis

A federal jury found Salvador Mendez-Zamora guilty of 1) conspiracy to distribute and to possess with intent to distribute at least one kilogram of methamphetamine; 2) one count of distribution and possession with intent to distribute more than fifty grams of methamphetamine; 3) one count of possession with intent to distribute more than five hundred grams of methamphetamine; and 4) one count of using a communication device to facilitate drug distribution. He was sentenced to life in prison.

In seeking a COA, Mendez-Zamora raises five issues: 1) use of conflicting theories by the prosecution to enhance his sentence; 2) ineffective counsel at sentencing and on appeal; 3) disparity in sentencing; 4) increased punishment by judicial fact-finding in violation of the Sixth Amendment; and 5) denial of an evidentiary hearing.

His claim that the prosecution used conflicting theories to enhance his sentence in violation of *Bradshaw v. Stumpf*, 545 U.S. 175 (2005), was not raised before the district court and thus is waived here. As for his ineffective counsel claims, Mendez-Zamora offered no more than the conclusory statement that "The District Court's finding that counsel did not perform deficiently constitutes an objectively unreasonable application of *Strickland*." Application for COA at 5.

-2-

The district court below carefully reviewed the record and found petitioner's claims neither demonstrated counsel's performance was deficient nor that counsel's performance prejudiced the petitioner as required by *Strickland v. Washington*, 466 U.S. 668, 687–94 (1984). Without any evidence or allegations beyond Mendez-Zamora's conclusory allegation that he was denied effective counsel, defendant's claim is inadequate to establish a violation. *See Cannon v. Gibson*, 259 F.3d 1253, 1262 n.8 (10th Cir. 2001) ("[C]onclusory assertion that counsel was ineffective, along with a bald reference to *Strickland . . .* is simply not sufficient to preserve this claim.").

Mendez-Zamora's third claim is that he was sentenced differently for exercising his right to a jury trial. He points to disparities between his sentence and the sentences of co-conspirators that he believes were equally culpable. The district court found that facts on the record warranted the disparity. As we have previously noted, disparate sentencing is permissible "where the disparity is explicable by the facts on the record." *United States v. Garza*, 1 F.3d 1098, 1101 (10th Cir. 1993) (quoting *United States v. Goddard*, 929 F.2d 546, 550 (10th Cir. 1991). In this case, no other defendant was subject to the same sentencing enhancements as Mendez-Zamora and most received sentencing reductions as well as downward departures for cooperating with the government. Mendez-Zamora portrays downward departures for pleading guilty and cooperating with the government as punishment for taking his chances with a jury trial, but in fact,

these departures were rewards offered for accepting culpability. Mendez-Zamora was not punished for exercising his right to a jury trial. He was punished because a jury found him guilty. Moreover, Mendez-Zamora was sentenced within the United States Sentencing Guidelines range and he raised no argument that the district court improperly applied 18 U.S.C. § 3553(a).

Next, Mendez-Zamora contends aggravating facts found by the judge enhanced his sentence in violation of his Sixth Amendment right to a jury as recognized in *Apprendi v. New Jersey*, 530 U.S. 466 (2000). He argues the district court ignored this Sixth Amendment claim.

To the contrary, the district court addressed it directly. It properly noted that the statutory maximum sentence for the conspiracy charge involving one kilogram of methamphetamine, as found by the jury, was life imprisonment per 21 U.S.C. § 841(b)(1)(A)(viii). The enhancements did not exceed this statutory maximum as required to trigger *Apprendi,* but rather merely equaled the statutory maximum; thus no constitutional violation occurred. *United States v. Holyfield,* No. 05-1318, 2007 WL_____ (10th Cir. March __, 2007).

Finally, Mendez-Zamora argues that he was denied an evidentiary hearing on his § 2255 petition, which he contends he was owed due to alleged issues of material fact. But when a § 2255 petition can be resolved on the record, as the district court was able to do here, no evidentiary hearing is necessary. *See United States v. Marr*, 856 F.2d 1471, 1472 (10th Cir. 1988). Moreover, Mendez-Zamora

-4-

claims issues of material fact exist on his ineffective counsel claim but, as we noted, he presented no such issues of fact — rather he presented only a conclusory statement. Without more, we do not even have sufficient guidance as to what factual inquiry an evidentiary hearing might address if granted. We construe petitioner's claims liberally, but he still must provide some basis for his claims beyond mere legally conclusory statements.

## II. Conclusion

For all of the foregoing reasons, we agree with the district court and DENY petitioner's request for a COA.

Entered for the Court

Timothy M. Tymkovich
Circuit Judge