**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**April 24, 2007**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

v.

LUKE E. STOKES,

Defendant-Appellant.

No. 06-3380

(D. of Kan.)

(D.C. No. 06-CR-10026-MLB)

**ORDER AND JUDGMENT**[*]

Before **TACHA,** Chief Judge, **BALDOCK**, and **TYMKOVICH**, Circuit Judges.[**]

Luke Stokes was charged with marijuana possession and possessing a

firearm "in and affecting commerce" after having been convicted of a felony.

The marijuana charge was dropped in return for Stokes's guilty plea to felon

---

[*] This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

[**] Per the Court's March 19, 2007 Order, this three-judge panel has determined unanimously that oral argument would not be of material assistance in the determination of this appeal. *See* Fed. R. App. P. 34(a); 10th Cir. R. 34.1(G). The cause is therefore ordered submitted without oral argument.

possessing a firearm in violation of 18 U.S.C. § 922(g)(1). Stokes was sentenced to 55-months imprisonment, followed by 3 years of supervised release.

In his plea agreement, Stokes preserved the right to challenge the constitutionality of § 922(g)(1). He contends the statute exceeds Congress's Commerce Clause powers when it criminalizes firearms possession based merely on the fact the firearm crossed state borders at some time prior to possession.

Three prior panels of this court have upheld § 922(g)(1) against Commerce Clause challenges. *See United States v. Dorris*, 236 F.3d 582, (10th Cir. 2000); *United States v. Farnsworth*, 92 F.3d 1001 (10th Cir. 1996); *United States v. Bolton*, 68 F.3d 396 (10th Cir. 1995). These cases rely on *Scarborough v. United States*, 431 U.S. 563 (1977), which upheld the predecessor statute to § 922 against a Commerce Clause challenge. We are bound by these precedents. *See United States v. Walling*, 936 F.2d 469, 472 (10th Cir. 1991) ("One panel of the court cannot overrule circuit precedent.").

Stokes argues that we should revisit these cases in light of the Supreme Court decision in *United States v. Lopez*, 514 U.S. 549 (1995) and subsequent Commerce Clause cases such as *Gonzales v. Raich*, 545 U.S. 1 (2005), and *United States v. Morrison*, 529 U.S. 598 (2000). He contends the Supreme Court's *Scarborough* decision is questionable given the analytical framework established in those cases for considering the scope of the Commerce Clause.

We recently revisited and rejected the argument Stokes urges here. While agreeing that the *Lopez* line of cases casts doubt on whether mere possession of a regulated object (body armor) "substantially affects interstate commerce" under our current understanding of the Commerce Clause, the "constitutional understanding implicit in *Scarborough*" is "that Congress may regulate any firearm that has ever traversed state lines." *United States v. Patton*, 451 F.3d 615, 634 (10th Cir. 2006). In *Patton*, although we agreed with the defendant's argument that *Scarborough* is in tension with current Commerce Clause jurisprudence, citing numerous other circuits expressing doubts about *Scarborough*'s "continuing validity," *id.*, we concluded that we remain bound by *Scarborough*. *Id.* at 636. "Any doctrinal inconsistency between *Scarborough* and the Supreme Court's more recent decisions is not for this Court to remedy." *Id.*

In sum "[u]nless and until the Supreme Court determines otherwise, we will continue to follow applicable precedent." *United States v. Holyfield*, ___F.3d___, No. 05-1318, 2007 WL 970152 (10th Cir. April 3, 2007) (quoting *United States v. Moore*, 401 F.3d 1220, 1224 (10th Cir. 2005)).

Accordingly, we DISMISS this appeal.

Entered for the Court

Timothy M. Tymkovich
Circuit Judge

-3-