[No. B269000. Second Dist., Div. One. Apr. 3, 2017.]

THE PEOPLE, Plaintiff and Respondent, v.
ALICE RASCON, Defendant and Appellant.

**COUNSEL**

Lenore De Vita, under appointment by the Court of Appeal, for Defendant and Appellant.

Kamala D. Harris and Xavier Becerra, Attorneys General, Gerald A. Engler, Chief Assistant Attorney General, Lance E. Winters, Assistant Attorney General, Jason Tran and Nathan Guttman, Deputy Attorneys General, for Plaintiff and Respondent.

## OPINION

**ROTHSCHILD, P. J.**—Alice Rascon appeals from the judgment entered on her convictions for drug, firearm, and ammunition possession. She contends the trial court admitted a confession taken in violation of *Miranda v. Arizona* (1966) 384 U.S. 436 [16 L.Ed.2d 694, 86 S.Ct. 1602] (*Miranda*) in that the police interrogated her in a way calculated to undermine her ability to make a free and rational choice about speaking. Rascon also contends insufficient evidence supported two firearm enhancements, and a sentence on one count should have been stayed because it constituted multiple punishment for a single act. She further contends that she is entitled to have her sentence for felony possession for sale of marijuana reduced to a misdemeanor. We agree that sentence on one of the counts should have been stayed, and otherwise affirm.

## BACKGROUND

On April 11, 2012, Los Angeles County Sheriff's deputies executed a search warrant at Rascon's residence in Whittier. They found Rascon in the kitchen, informed her that she was the suspect named in the warrant, and detained her in a patrol car. While Rascon was seated in the car, Detective William Campbell asked her what bedroom she lived in and she said the north bedroom. Detective Campbell then asked if she had anything illegal in the house. Rascon responded "yes."

Detective Campbell then left Rascon alone in the patrol car and participated in the search. The search recovered five bags of methamphetamines and 11 bags of marijuana from an unlocked safe in a closet, as well as numerous unused plastic baggies and three digital scales from the closet. The deputies also found ammunition and two operable, loaded handguns in an unlocked desk drawer in an office in the house. The office also contained a monitor displaying a live video feed from two exterior cameras surveilling the front approach to the house. Mail addressed to Rascon was found in the sole bedroom in the house.

After the search, Detective Campbell returned to Rascon in the patrol car, informed her she was under arrest, and gave her a *Miranda* advisement. Rascon waived her *Miranda* rights by signing a preprinted form. In addition

to circling answers on the form indicating the waiver, Rascon wrote, "I show[ed] the detectives where the meth was in the closet."

Detective Campbell asked Rascon who resided in the house. Rascon replied that she lived there with William Kennedy, her boyfriend. Detective Campbell asked whether she owned the drugs the deputies found. She admitted the drugs belonged to her, and stated Kennedy had nothing to do with them. Rascon refused to reply to a question about the scales and unused baggies, but when asked about a cellular phone found in the house, she said it belonged to her. Finally, when Detective Campbell asked about the guns deputies found, Rascon said, "I showed you where the meth and the handguns were."

Rascon was charged with possession of methamphetamines while armed, possession of methamphetamines and marijuana for sale, possession of ammunition, and possession of firearms by a felon, and it was alleged she was personally armed with a firearm while in possession of methamphetamines for sale and had suffered three prior narcotics convictions and served multiple prior prison terms. (Health & Saf. Code, §§ 11359, 11370.1, subd. (a), 11370.2, subd. (c), 11378; Pen. Code, §§ 667.5, subd. (b), 12022, subd. (c), 29800, subd. (a)(1), 30305, subd. (a)(1).)

A jury convicted Rascon on all counts and found true the allegation that she was armed with a firearm while in possession of methamphetamines. In a bifurcated trial, the trial court found Rascon had suffered prior narcotics convictions, but the court struck the prior prison term allegations without rendering a verdict on them. The court sentenced Rascon to three years in prison for methamphetamine possession plus five consecutive years for the firearm enhancement. The court struck the remaining enhancement allegations. The court imposed concurrent terms for the marijuana and armed methamphetamine possession convictions and imposed and stayed execution of sentence for the ammunition and felon/firearm possession convictions pursuant to Penal Code section 654, subdivision (a), which prohibits multiple punishment for a single act. The court imposed various fines and fees and awarded Rascon 259 days of presentence custody credit.

Rascon timely appealed.

## DISCUSSION

### I.–III.*

. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .

*See footnote, *ante*, page 388.

IV. *Rascon Is Not Automatically Entitled to a Reduction of Her Sentence on Count 10*

■ Rascon contends her sentence on count 10 for possession of marijuana for sale in violation of Health and Safety Code section 11359 "must be corrected" to reflect a postsentencing statutory amendment that reduced the penalty for that crime.[2] We disagree.

At the time Rascon committed her crimes, and at the time the trial court sentenced her, Health and Safety Code section 11359 provided: "Every person who possesses for sale any marijuana, except as otherwise provided by law, shall be punished by imprisonment pursuant to subdivision (h) of Section 1170 of the Penal Code." Penal Code section 1170, subdivision (h) provides generally for "imprisonment in a county jail for 16 months, or two or three years." Here, the court imposed the upper term of three years, the sentence to run concurrent to other specified terms.

After Rascon was sentenced, the electorate passed the Control, Regulate and Tax Adult Use of Marijuana Act, Proposition 64, which amended Health and Safety Code section 11359 to provide, generally, that "[e]very person 18 years of age or over who possesses marijuana for sale shall be punished by imprisonment in a county jail for a period of not more than six months or by a fine of not more than five hundred dollars ($500), or by both such fine and imprisonment." (Health & Saf. Code, § 11359, subd. (b).)[3] Thus, if the amendment is retroactive and this general rule applies to Rascon, her felony conviction for violating Health and Safety Code section 11359 would be reduced to a misdemeanor.

■ Proposition 64 also added Health and Safety Code section 11361.8, which allows a "person currently serving a sentence for a conviction" of Health and Safety Code section 11359 (and other marijuana-related crimes) to petition the trial court to recall the person's sentence and resentence the person in accordance with the amended statute. (Health & Saf. Code,

---

[2] After the parties filed their briefs, Rascon asserted this argument in a letter brief filed with the court in which she requested that we consider the matter at oral argument. We granted her request. The Attorney General subsequently filed a written response and the parties were given the opportunity to argue the issue during oral argument.

[3] There are exceptions to the general rule. The penalty prescribed in Penal Code section 1170, subdivision (h), still applies if the defendant (1) has a prior conviction for certain serious or violent felonies, or is required to register as a sex offender, (2) has two or more prior convictions of possessing marijuana for sale, (3) commits the offense in connection with the sale or attempted sale of marijuana to a minor, or (4) knowingly employs a person 20 years old or younger to cultivate, transport, carry, sell, offer to sell, give away, or peddle marijuana. (Health & Saf. Code, § 11359, subds. (c)–(d).) It is not apparent from our record whether any of the exceptions apply.

§ 11361.8, subd. (a).) If an inmate files such a petition and satisfies the statutory criteria for relief, "the court shall grant the petition . . . unless the court determines that granting the petition would pose an unreasonable risk of danger to public safety." (Health & Saf. Code, § 11361.8, subd. (b).) An " 'unreasonable risk of danger to public safety' " is defined as "an unreasonable risk that the petitioner will commit a new violent felony within the meaning of [Penal Code section 667, subdivision (e)(2)(C)(iv)]." (Pen. Code, § 1170.18, subd. (c); see Health & Saf. Code, § 11361.8, subd. (b)(2).)

Rascon contends that the amendment to Health and Safety Code section 11359 should be applied retroactively to reduce her conviction on count 10 to a misdemeanor. She relies on *In re Estrada* (1965) 63 Cal.2d 740 [48 Cal.Rptr. 172, 408 P.2d 948] (*Estrada*). In *Estrada*, the Supreme Court established an exception to the general rule that a statute that is silent as to whether it operates prospectively or retroactively will be presumed to operate prospectively only. (*People v. Brown* (2012) 54 Cal.4th 314, 323 [142 Cal.Rptr.3d 824, 278 P.3d 1182].) The exception applies when a statute that is silent as to its retroactivity reduces the penalty for a particular crime. In that situation, courts will presume that "the new lighter penalty" will apply "to acts committed before its passage[,] provided the judgment convicting the defendant of the act is not final." (*In re Estrada, supra*, 63 Cal.2d at p. 745.) The *Estrada* court explained that when the Legislature reduced a crime's punishment, it "obviously expressly determined that its former penalty was too severe and that a lighter punishment is proper as punishment for the commission of the prohibited act." (*Ibid.*) Given this determination, the court continued, the Legislature must have intended that the lesser penalty applies retroactively "because to hold otherwise would be to conclude that the Legislature was motivated by a desire for vengeance, a conclusion not permitted in view of modern theories of penology." (*Ibid.*)

In *People v. Conley* (2016) 63 Cal.4th 646, 656 [203 Cal.Rptr.3d 622, 373 P.3d 435] (*Conley*), our Supreme Court considered whether, under *Estrada*, the Three Strikes Reform Act of 2012, commonly known as Proposition 36, applied retroactively to persons whose judgments were not yet final. Proposition 36 amended the "Three Strikes" law to reduce the penalty for some third strike offenders when the third strike is not a serious or violent felony. It also enacted Penal Code section 1170.126, which created a postconviction procedure whereby a prison inmate "presently serving" a third strike sentence for a crime that was not a serious or violent felony may petition to recall his or her sentence and be resentenced as a second strike offender. (See *People v. Johnson* (2015) 61 Cal.4th 674, 682 [189 Cal.Rptr.3d 794, 352 P.3d 366].) The inmate in *Conley* argued that he was entitled under *Estrada* to the reduced penalty because his judgment was not yet final and,

therefore, he did not "need to file a recall petition under Penal Code section 1170.126." (*Conley, supra,* 63 Cal.4th at pp. 655–656.) The Supreme Court rejected the argument.

Proposition 36, the *Conley* court explained, "is not silent on the question of retroactivity. Rather, [Proposition 36] expressly addresses the question in [Penal Code] section 1170.126, the sole purpose of which is to extend the benefits of [Proposition 36] retroactively." (*Conley, supra,* 63 Cal.4th at p. 657.) Moreover, the court reasoned, by making resentencing available only when the inmate's early release would not "pose an 'unreasonable risk of danger to public safety,' " the electorate apparently intended "to create broad access to resentencing for prisoners previously sentenced to indeterminate life terms, *but subject to judicial evaluation of the impact of resentencing on public safety.*" (*Id.* at pp. 658–659, italics added.) This purpose would not be served if, as the defendant argued, the statute "confer[red] an automatic entitlement to resentencing" for inmates whose cases are still pending on appeal. (*Id.* at p. 659.) There was no basis, the court concluded, to hold that the electorate intended "for courts to bypass the public safety inquiry altogether in the case of defendants serving sentences that are not yet final." (*Ibid.*)

■ *Conley's* analysis applies with equal force here. Proposition 64, like Proposition 36, "is not silent on the question of retroactivity." (*Conley, supra,* 63 Cal.4th at p. 657.) It provides for a procedure analogous to Proposition 36's procedure "for application of the new lesser punishment to persons who have previously been sentenced." (*Conley,* at p. 658; compare Health & Saf. Code, § 11361.8 with Pen. Code, § 1170.126.) Proposition 64, like Proposition 36, expressly restricts the availability of the reduced criminal penalties to those inmates who do not pose an unreasonable risk of danger to public safety (Health & Saf. Code, § 11361.8, subd. (b)), thereby making "retroactive application of the lesser punishment contingent on a court's evaluation of the defendant's dangerousness" (*Conley, supra,* 63 Cal.4th at p. 658).[4] In light of the similarities between the two propositions as to resentencing, we infer a similar intent on the part of the electorate—to create access to resentencing for prisoners previously sentenced for specified marijuana-related crimes, "but subject to judicial evaluation of the impact of resentencing on public safety." (*Conley,* at pp. 658–659.) And, just as conferring an

---

[4] The Safe Neighborhood and Schools Act, commonly known as Proposition 47, enacted by the electorate in 2014, also reduces penalties for certain crimes and provides a procedure for those currently serving sentences for such crimes to petition to recall the inmate's sentence that is analogous to the procedures in Proposition 36 and Proposition 64. (Pen. Code, § 1170.18.) The Supreme Court is currently considering whether Proposition 47 applies retroactively to a defendant who was sentenced before Proposition 47's effective date but whose judgment is not yet final. (*People v. DeHoyos* (2015) 238 Cal.App.4th 363 [189 Cal.Rptr.3d 445], review granted Sept. 30, 2015, S228230.)

automatic entitlement to resentencing under Proposition 36 would undermine that intent (*Conley*, at p. 659), so would a similar entitlement undermine the apparent intent in enacting Proposition 64. We therefore conclude that a person sentenced prior to the enactment of Proposition 64 for violating Health and Safety Code section 11359 whose judgment is not yet final is not automatically entitled to the reduction of punishment provided by the amendment to that statute.

V. *Stayed Sentence on Armed Possession Count**

. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .

## DISPOSITION

The trial court is ordered to amend the abstract of judgment and file a minute order reflecting that the sentence on count 8, for violation of Health and Safety Code section 11370.1, subdivision (a), is stayed pursuant to Penal Code section 654, and to forward a copy of the amended abstract of judgment to the Department of Corrections and Rehabilitation. As so modified, the judgment is affirmed.

Johnson, J., and Lui, J., concurred.

Appellant's petition for review by the Supreme Court was denied July 12, 2017, S241686.

---

*See footnote, *ante*, page 388.