Filed 7/3/18

**CERTIFIED FOR PUBLICATION**

IN THE APPELLATE DIVISION

OF THE CALIFORNIA SUPERIOR COURT, ALAMEDA COUNTY

| | |
|---|---|
| THE PEOPLE,<br><br>        Plaintiff and Appellant,<br><br>        v.<br><br>XIAO DONG LIN et al.,<br><br>        Defendants and<br>        Respondents. | Appellate Division Nos.<br>5982, 5983, 5984, AND 5971<br><br>(Super. Ct. Nos. 467859-B,<br>467859-C, 467859-A and<br>467859-D)<br><br>OPINION |

       While Respondents in these consolidated appeals were awaiting trial on felony charges of possession, sale, and cultivation of marijuana, California voters passed Proposition 64 – "the Control, Regulate and Tax Adult Use of Marijuana Act." Based on Proposition 64, the district attorney amended the complaints to reflect misdemeanor rather than felony charges. Respondents challenged the move, arguing that Proposition 64 barred the amended criminal complaints against them. The trial court sustained Respondents' demurrers, dismissing the charges.

       We reverse. Proposition 64 did not create a legislative pardon for defendants facing felony charges for unlicensed sale and cultivation of marijuana before it passed. Rather, California voters changed the penalties for the conduct alleged in the complaints here by making those penalties less severe. Under

1

California law, it was appropriate to amend the complaints to invoke the lighter punishment.  (*In re Estrada* (1965) 63 Cal. 2d 740, 742.)

### The Amended Complaints and Demurrers

On April 7, 2016, the People filed felony complaints charging Defendants Hua Ou, Xiao Dong Lin, Jianhan Ye, and Liwen Ruan each with possession of marijuana for sale (count 1) and cultivating marijuana (count 2), which were violations of sections 11359 and 11358 of the Health and Safety Code. Defendants later pled not guilty to the charges.

On February 28, 2017, in the aftermath of the passage of Proposition 64 in the November 2016 election, the trial court granted the People's oral motion to amend the complaints to charge misdemeanors rather than felonies.  The amended complaints alleged the same counts, but as violations of sections 11359(b) and 11358(c) of the Health and Safety Code.  Defendants demurred to the amended complaints.  The trial court sustained the demurrers, finding that Proposition 64 operated as a "legislative pardon, whether it was intentional or not."  (6/20/17 RT 19.)

### Jurisdiction and Standard of Review

The People timely appealed from the order sustaining the demurrers. (Penal Code § 1466(a)(3).)  This Court has jurisdiction over the appeal, since the complaints stated misdemeanor counts against the defendants.  (*Id.*; Cal. Const., art. VI, § 11(b); Cal. R. Ct. 8.850.)

A demurrer is simply a challenge to the legal sufficiency of a complaint – it raises purely legal questions and so this Court reviews the order sustaining the demurrer *de novo*.  (*People v. Keating* (1993) 21 Cal. App. 4th 145, 151.)  We "give[] the complaint a reasonable interpretation, and treat[] the demurrer as admitting all material facts properly pleaded."  We do not "assume the truth of contentions, deductions or conclusions of law."  (*Aubry v. Tri-City Hosp. Dist.* (1992) 2 Cal. 4th 962, 966-67.)  This Court also reviews the trial court's interpretation of the ballot proposition at issue *de novo*.  (*See People v. Arroyo* (2016) 62 Cal. 4th 589, 593.)

### Analysis

Proposition 64 worked a sea-change in the way California approaches the growth and use of marijuana through a combination of commercial regulation and criminal laws.  Among its many changes, Proposition 64 reduced the criminal penalties for the conduct at issue in the cases before us.

2

*The Original Charges*

The original complaints in these four cases each alleged two felony charges. At the time the district attorney filed the charges in April 2016, Health and Safety Code section 11359, "possession of marijuana for sale," imposed a felony sentence under Penal Code section 1170(h). It provided:

> Every person who possesses for sale any marijuana, except as otherwise provided by law, shall be punished by imprisonment pursuant to subdivision (h) of Section 1170 of the Penal Code.

(Health & Safety Code § 11359 (Effective Oct. 1, 2011 to Nov. 8, 2016).)

Likewise, Health and Safety Code section 11358, "cultivating marijuana," imposed a felony sentence under Penal Code section 1170(h). It provided:

> Every person who plants, cultivates, harvests, dries, or processes any marijuana or any part thereof, except as otherwise provided by law, shall be punished by imprisonment pursuant to subdivision (h) of Section 1170 of the Penal Code.

(Health & Safety Code § 11358 (Effective Oct. 1, 2011 to Nov. 8, 2016).)

*The Lighter Punishment After Proposition 64*

By passing Proposition 64, California voters amended both sections 11358 and 11359 of the Health and Safety Code. Proposition 64 did not repeal the statutes; the provisions still proscribe the same conduct. As it did in 2016, section 11359 still provides, "Every person who possesses for sale any marijuana, except as otherwise provided by law, shall be punished …." (Health & Safety Code § 11359 (2018).) Likewise, section 11358 still provides, "Every person who plants, cultivates, harvests, dries, or processes any marijuana plants, or any part thereof, except as otherwise provided by law" has committed a crime.[1] (Health & Safety Code § 11358 (2018).)

But, the punishments for both offenses have changed. The statutes now provide for gradations of criminal penalties that depend on age, prior convictions,

---

[1] The word "marijuana" appeared alone in the old section 11358, without the clarifying word "plants," but the addition of the word "plants" is not material for purposes of the cases before us.

3

and other factors.  As charged in the amended complaints here, Respondents would be punished under section 11359 "as follows":

> Every person 18 years of age or over who possesses marijuana for sale shall be punished by imprisonment in a county jail for a period of not more than six months or by a fine of not more than five hundred dollars ($500), or by both such fine and imprisonment.

(Health & Safety Code § 11359(b) (2018).)  And as charged in the amended complaints here, under section 11358 Respondents:

> shall be punished as follows: …  Every person 18 years of age or over who plants, cultivates, harvests, dries, or processes more than six living marijuana plants shall be punished by imprisonment in a county jail for a period of not more than six months or by a fine of not more than five hundred dollars ($500), or by both such fine and imprisonment.

(Health & Safety Code § 11358(c) (2018).)

### *Retroactive Application of Proposition 64 Under the Estrada Decision*

Generally, our criminal laws will not be applied retroactively.  Section 3 of the California Penal Code provides that "No part of it is retroactive, unless expressly so declared."  (Cal. Penal Code § 3.)  But, Section 3 is a rule of statutory construction – it is "not a straitjacket."    (*In Re Estrada* (1965) 63 Cal. 2d 740, 746.)  "[T]he rule of construction should not be followed blindly in complete disregard of factors that may give a clue to the legislative intent.  It is to be applied only after, considering all pertinent factors, it is determined that it is impossible to ascertain the legislative intent."  (*Id.*)

California law recognizes an important exception to the general rule.  If an amended criminal statute imposes a <u>lighter</u> penalty than in the pre-existing law, then the amendment – with its lighter penalty – may apply to cases where the court has not yet entered judgment.  (*In Re Estrada*, 63 Cal. 2d at 744-45.)

The exception is sometimes called the *Estrada* rule.  "The *Estrada* rule rests on an inference that, in the absence of contrary indications, a legislative body ordinarily intends for ameliorative changes to the criminal law to extend as broadly as possible, distinguishing only as necessary between sentences that are final and sentences that are not." (*People v. Conley* (2016) 63 Cal. 4th 646, 628.)  The Supreme Court explained the reasoning behind this important exception:

4

When the Legislature amends a statute so as to lessen the punishment it has obviously expressly determined that its former penalty was too severe and that a lighter punishment is proper as punishment for the commission of the prohibited act. It is an inevitable inference that the Legislature must have intended that the new statute imposing the new lighter penalty now deemed to be sufficient should apply to every case to which it constitutionally could apply. The amendatory act imposing the lighter punishment can be applied constitutionally to acts committed before its passage provided the judgment convicting the defendant of the act is not final. This intent seems obvious, because to hold otherwise would be to conclude that the Legislature was motivated by a desire for vengeance, a conclusion not permitted in view of modern theories of penology.

(*Estrada*, 63 Cal. 2d at 745.)

Here, unlike in the 1965 *Estrada* case, no one is arguing that the pre-November 2016 felony penalties for possession and unauthorized marijuana growing ought to apply to Respondents. Rather, Respondents contend that the *Estrada* rule should not apply and they should face no criminal penalty for their alleged possession with intent to sell and unauthorized growing of marijuana. Respondents' argument turns on statutory construction of Proposition 64.

### *Statutory Construction of Proposition 64*

The Court interprets a ballot proposition as it would a statute enacted by the Legislature. The Court begins with the language of the proposition itself, "giving the words their ordinary meaning and construing this language in the context of the statute and initiative as a whole." (*People v. Superior Court (Pearson)* (2010) 48 Cal. 4th 564, 571.) "If the language is not ambiguous, we presume the voters intended the meaning apparent from that language, and we may not add to the statute or rewrite it to conform to some assumed intent not apparent from that language. If the language is ambiguous, courts may consider ballot summaries and arguments in determining the voters' intent and understanding of a ballot measure." (*Id.; see also Robert L. v. Superior Court* (2003) 30 Cal. 4th 894, 901.)

### *The Amendments to Sections 11359 and 11358*

The text of Proposition 64 itself, the context of the amendments at issue within the regulatory framework of the proposition, and the ballot materials that accompanied the proposition when it went to the voters, all support this Court's conclusion that the rule in *Estrada* applies here. Proposition 64 generally left the

5

original succinct text of sections 11359 and 11358 alone.  The amendments add a series of subsections to the pre-existing statutes that create a more nuanced – and uniformly lighter – approach to penalizing marijuana possession with intent to sell and for unauthorized growing of marijuana plants.  With respect to the charges in the amended complaint (violations of sections 11359(b) and 11358(c)) the penalty changed but the crime itself did not.

### *The Stated Purpose of Proposition 64*

The context of the amendments to sections 11359 and 11358 within the broader framework of Proposition 64 as a whole, along with the supporting ballot materials, indicate the voters' intent was to reduce the penalties for the crimes alleged here – not to issue a legislative pardon.  Among the Findings and Declarations in Section 2 of Proposition 64 is confirmation that the proposition "will alleviate pressure on the courts, but continue to allow prosecutors to charge the most serious marijuana-related offenses as felonies, while reducing the penalties for minor marijuana-related offenses as set forth in the act."  (Prop. 64, § 2(G).)  Further, one of the purposes of the act is to "prevent illegal production or distribution of marijuana."  (Prop. 64, § 3(u).)

### *Procedure for Reducing Sentences for Past Marijuana-Related Crimes*

With respect to prior marijuana-related convictions, Proposition 64 creates a mechanism for convicted defendants to seek re-sentencing based on the lesser penalties in the proposition.  The mechanism also includes defendants who had been sentenced but where final judgment had not yet been entered.   Specifically, Proposition 64 adds section 11361.8 to the Health and Safety Code.  It provides:

> A person currently serving a sentence for a conviction, whether by trial or by open or negotiated plea, who would not have been guilty of an offense, or who would have been guilty of a lesser offense under the Control, Regulate and Tax Adult Use of Marijuana Act had that act been in effect at the time of the offense may petition for a recall or dismissal of sentence before the trial court that entered the judgment of conviction in his or her case to request resentencing or dismissal in accordance with Sections … 11358 [and] 11359 … as those sections have been amended or added by that act.

(Health & Safety Code § 11361.8(a) (2018).)  The trial court then has the discretion to re-sentence based on factors that include an unreasonable risk to public safety.  (*Id.* at 11361.8(b).)

6

Among the purposes of Proposition 64 is to "[a]uthorize courts to resentence persons who are currently serving a sentence for offenses for which the penalty is reduced by the act, so long as the person does not pose a risk to public safety, and to redesignate or dismiss such offenses from the criminal records of persons who have completed their sentences as set forth in this act."  (Prop. 64, § 3(z).)  The Analysis by the Legislative Analyst, included in the ballot pamphlet, further confirms:

> Individuals Previously Convicted of Marijuana Crimes.  Under the measure, individuals serving sentences for activities that are made legal or are subject to lesser penalties under the measure would be eligible for resentencing.  For example, an offender serving a jail or prison term for growing or selling marijuana could have their sentence reduced.  (A court would not be required to resentence someone if it determined that the person was likely to commit certain severe crimes.)  Qualifying individuals would be resentenced to whatever punishment they would have received under the measure.

(Ballot Pamp., General Elec. (Nov. 8, 2016), Analysis of Prop. 64 by the Legislative Analyst, p. 95.)

The amended Health and Safety Code sections 11359 and 11358 do not simply apply retroactively under *Estrada* to automatically reduce the sentences of those already convicted.  The *Estrada* rule is unhelpful in the context of defendants already convicted because the proposition explicitly details how to handle the situation.  (*See People v. Rascon* (2017) 10 Cal. App. 5th 388, 392.)  The situation is similar to that faced by defendants after the passage of Proposition 36, the Three Strikes Reform Act of 2012, which did not apply re-sentencing retroactively but rather created a process of resentencing "subject to judicial evaluation of the impact of resentencing on public safety."  (*Conley*, 63 Cal. 4th at 658-59 (discussed in *Rascon*, 10 Cal. App. 5th at 394).)

Had the voters intended a legislative pardon for possession with intent to sell marijuana or unauthorized marijuana growing, the pardon would presumably apply to anyone charged with the offense to be pardoned.  The detailed fourteen-sub-section resentencing procedure in Section 11361.8 would not have been necessary.

### *Lesser Penalties for Future Marijuana-Related Crimes*

With respect to future marijuana-related activity, Proposition 64 was equally unambiguous that its lesser penalties would apply.  The Analysis by the

7

Legislative Analyst for Proposition 64 describes the purpose of Proposition 64 as including "changes in penalties" for marijuana-related crimes. For example:

> This measure (1) legalizes adult nonmedical use of marijuana, (2) creates a system for regulating nonmedical marijuana businesses, (3) imposes taxes on marijuana, and (4) changes penalties for marijuana-related crimes.

(Ballot Pamp., General Elec. (Nov. 8, 2016), Analysis of Prop. 64 by the Legislative Analyst, p. 92.) It unambiguously references "changes in penalties for future marijuana crimes." (*Id.* at p. 94.)

### *The "Legislative Pardon" Argument*

There is no suggestion anywhere in the text of Proposition 64, the Analysis by the Legislative Analyst, or the arguments for or against the proposition in the ballot pamphlet relied on by the voters, that the proposition is a legislative pardon for those charged with, but not yet convicted of, a marijuana-related crime prior to November 8, 2016. Sections 11359 and 11358 were amended by Proposition 64, not repealed. As its text confirms, after Proposition 64, possession of marijuana with intent to sell or unauthorized growing of marijuana remain subject to criminal "condemnation." (*See People v. Rossi* (1976) 18 Cal. 3d 295, 304.) The penalties are simply lower.

### **Conclusion**

There is no ambiguity concerning how to address the penalties for those convicted of marijuana-related offenses prior to Election Day in 2016; they are eligible to seek a lesser penalty through the mechanism outlined in Proposition 64. There is also no ambiguity concerning penalties facing those charged with marijuana-related offenses after Election Day 2016; they face the lesser penalties set out in Proposition 64. The proposition is silent concerning those in Respondents' situation: facing but not yet convicted of felony marijuana-related offenses prior to Election Day 2016. The *Estrada* rule applies to these cases. The conduct alleged in the amended complaints remains criminal under California law, but the lesser penalties in the amended statutes will apply.

## Disposition

This Court therefore reverses the trial court's orders and overrules the demurrers. The amended complaints are reinstated and the case is remanded for further proceedings.

**CERTIFIED FOR PUBLICATION**


_____
MARKMAN, J.


We concur:



_____
MURPHY, P.J.




_____
CLAY, J.

PARTIES AND ATTORNEYS

| People of the State of California, Plaintiff/Appellant | Edward Vieira-Ducey, Deputy District Attorney |
|---|---|
| Hua Ou, Defendant/Respondent | Jesse Grove, Assistant Public Defender |
| Xiao Dong Lin, Defendant/Respondent | Zenia K. Gilg, Esq. |
| Jianhan Ye, Defendant/Respondent | Pete French, Esq. |
| Liwen Ruan, Defendant/Respondent | James J. Clark, Esq. |

Trial Court Judge:        Hon. Tara Flanagan

Trial Court Case Numbers:  People v. Hua Ou          #467859-A    [App. Div. #5984]
                           People v. Xio Dong Lin     #467859-B    [App. Div. #5982]
                           People v. Jianhan Ye       #467859-C    [App. Div. #5982]
                           People v. Liwen Ruan       #467859-D    [App. Div. #5982]