FILED
United States Court of Appeals
Tenth Circuit

October 12, 2018

Elisabeth A. Shumaker
Clerk of Court

UNITED STATES COURT OF APPEALS

FOR THE TENTH CIRCUIT
_____

UNITED STATES OF AMERICA,

    Plaintiff - Appellee,

v.

CHRISTOPHER HOLYFIELD,

    Defendant - Appellant.

No. 18-1236
(D.C. Nos. 1:17-CV-02989-MSK and
1:00-CR-00439-MSK-MEH-4)
(D. Colo.)

_____

**ORDER DENYING CERTIFICATE OF APPEALABILITY**[*]
_____

Before **BACHARACH**, **MURPHY**, and **MORITZ**, Circuit Judges.
_____

Proceeding pro se,[1] Christopher Holyfield seeks a certificate of appealability

(COA) to appeal the district court's order denying his 28 U.S.C. § 2255 motion. For

the reasons discussed below, we deny Holyfield's COA request and dismiss the

appeal. We also deny his motion to proceed in forma pauperis (IFP).

**Background**

In 2003, a jury convicted Holyfield of conspiring to distribute and possessing

with intent to distribute more than 50 grams of cocaine. At the time of his 2005

---

[*] This order isn't binding precedent, except under the doctrines of law of the
case, res judicata, and collateral estoppel. But it may be cited for its persuasive value.
*See* Fed. R. App. P. 32.1; 10th Cir. R. 32.1.

[1] Because Holyfield appears pro se, we liberally construe his filings. *See*
*Gallagher v. Shelton*, 587 F.3d 1063, 1067 (10th Cir. 2009). But we won't act as his
advocate. *See id.*

sentencing hearing, Holyfield had at least two prior felony convictions for crimes involving controlled substances: (1) a 1993 California conviction for transporting cocaine and (2) a 1998 California conviction for possessing marijuana for sale. In light of these convictions, the trial court sentenced Holyfield to life in prison. *See* 21 U.S.C. § 841(b)(1)(A) (subjecting offenders with "two or more prior convictions for a felony drug offense" to mandatory life sentence for certain drug crimes). Holyfield appealed, and this court affirmed. *United States v. Holyfield (Holyfield I)*, 481 F.3d 1260, 1261 (10th Cir. 2007). Holyfield then sought relief under § 2255, arguing, among other things, that his life sentence violated the Sixth Amendment. The district court denied Holyfield's § 2255 motion, and this court again affirmed. *See United States v. Holyfield (Holyfield II)*, 703 F.3d 1173, 1174 (10th Cir. 2013).

Almost four years later, California adopted Proposition 64. *See* Cal. Health & Safety Code § 11359. "Proposition 64 worked a sea-change in the way California approaches the growth and use of marijuana" by, among other things, "reduc[ing] the criminal penalties" for certain marijuana-related offenses. *People v. Xiao Dong Lin*, 236 Cal. Rptr. 3d 818, 821–22 (Cal. App. Dep't Super. Ct. 2018); *see also People v. Smit*, 234 Cal. Rptr. 3d 554, 555–56 (Cal. Ct. App. 2018) (explaining that Proposition 64 "generally" reduced offense of possessing marijuana for sale from felony to misdemeanor). Proposition 64 also "create[d] a mechanism for convicted defendants to seek re-sentencing based on the lesser penalties in the proposition." *Xiao Dong Lin*, 236 Cal. Rptr. 3d at 823.

Holyfield applied for relief under Proposition 64, and on September 22, 2017, a California state court reduced his 1998 conviction from a felony to a misdemeanor. Holyfield then filed the instant § 2255 petition,[2] arguing that (1) his 1998 conviction no longer constitutes a "felony drug offense" for purposes of § 841(b)(1)(A), and (2) he is therefore no longer subject to § 841(b)(1)(A)'s mandatory life sentence. The district court denied Holyfield's motion and his request for a COA. Holyfield now seeks a COA from this court so he can appeal the district court's order denying his § 2255 motion. *See* 28 U.S.C. § 2253(c)(1)(B).

**Analysis**

To obtain a COA, Holyfield must "ma[k]e a substantial showing of the denial of a constitutional right." § 2253(c)(2). And to make that showing, he must "demonstrate that reasonable jurists would find the district court's assessment of [his] constitutional claims debatable or wrong." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000).

Here, Holyfield argues that because a California state court reduced his 1998 conviction for possessing marijuana for sale from a felony to a misdemeanor, he no longer has "two or more prior convictions for a *felony* drug offense." § 841(b)(1)(A)

---

[2] Although this is Holyfield's second § 2255 motion, it isn't subject to § 2255(h)'s authorization requirement. *Compare* § 2255(h) (requiring authorization from "appropriate court of appeals" before defendant can file "second or successive" § 2255 motion), *with In re Weathersby*, 717 F.3d 1108, 1110–11 (10th Cir. 2013) (explaining that movant's second § 2255 motion wasn't "second or successive" for purposes of § 2255(h) because state court didn't "vacate [movant's] convictions until after his first § 2255 proceedings were concluded," and basis for defendant's second motion therefore "did not exist when" movant filed initial § 2255 motion).

(emphasis added). According to Holyfield, reasonable jurists could debate whether allowing his life sentence to remain in place under these circumstances "violates due process and subjects him to cruel and unusual punishment." Aplt. Br. 7. Thus, he concludes, he is entitled to a COA. *See Slack*, 529 U.S. at 484.

But Holyfield didn't invoke the Due Process Clause or the Eighth Amendment in his § 2255 motion. Instead, he advanced an issue of statutory interpretation. Specifically, he asserted that possession of marijuana for sale no longer satisfies 21 U.S.C. § 802(44)'s definition of the term "felony drug offense" because, after Proposition 64, possession of marijuana for sale is no longer "punishable by imprisonment for more than [one] year." R. vol. 2, 41 (quoting § 802(44)).

Holyfield was free to advance this statutory claim in district court. But he is only entitled to a COA to appeal the district court's resolution of that claim if he can "ma[k]e a substantial showing of the denial of a *constitutional* right." § 2253(c)(2) (emphasis added); *see also United States v. Taylor*, 454 F.3d 1075, 1078–79 (10th Cir. 2006) ("[N]o matter how clearly the § 2255 movant can show that the district court erred in denying a statutory claim," movant isn't "entitled to a COA" unless he or she makes substantial showing of denial of constitutional right.).

Thus, to the extent Holyfield argues reasonable jurists could disagree with the district court's conclusion that his 1998 conviction continues to constitute a conviction for a "felony drug offense" as § 802(44) defines that term, he isn't "entitled to a COA" on that basis. *Taylor*, 454 F.3d at 1079. And to the extent Holyfield instead attempts to argue that his sentence violates his due-process and

4

Eighth Amendment rights, we decline to address those arguments because Holyfield failed to advance them below. *See United States v. Viera*, 674 F.3d 1214, 1216, 1220 (10th Cir. 2012) (citing "our general rule against considering issues for the first time on appeal" and declining to address arguments for COA that pro se applicant failed to raise in district court).

Accordingly, we deny Holyfield's request for a COA and dismiss this matter. We also deny his motion to proceed IFP on appeal. *See Lister v. Dep't of Treasury*, 408 F.3d 1309, 1312 (10th Cir. 2005) ("[I]n order to succeed on a motion to proceed IFP, the movant must show a financial inability to pay the required filing fees, as well as the existence of a reasoned, nonfrivolous argument on the law and facts in support of the issues raised in the action.").

Entered for the Court


Nancy L. Moritz
Circuit Judge