Filed 12/30/24  P. v. Esquivel CA4/1
# NOT TO BE PUBLISHED IN OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

## COURT OF APPEAL, FOURTH APPELLATE DISTRICT

## DIVISION ONE

## STATE OF CALIFORNIA

|  |  |
|---|---|
| THE PEOPLE,<br><br>  Plaintiff and Respondent,<br><br>  v.<br><br>LUIS ENRIQUE ESQUIVEL,<br><br>  Defendant and Appellant. | D082555<br><br><br>(Super. Ct. No. SCN059454) |

APPEAL from a judgment of the Superior Court of San Diego County, Lisa R. Rodriguez, Judge.  Reversed in part and remanded with directions.

Laura R. Vavakin, under the appointment by the Court of Appeal, for Defendant and Appellant.

Rob Bonta, Attorney General, Charles C. Ragland, Assistant Attorney General, Daniel Rogers and Adrian R. Contreras, Deputy Attorneys General, for Plaintiff and Respondent.

## MEMORANDUM OPINION[1]

In 1998, defendant Luis Enrique Esquivel was convicted on a host of criminal charges and sentenced to 34 years in state prison. Among the convictions was a misdemeanor for marijuana possession. (Health & Saf. Code, § 11357, subd. (b).[2])

Twenty-five years later at Esquivel's request, the trial court held a resentencing hearing as authorized by Penal Code section 1172.75 based on the fact that two one-year prison prior enhancements (Pen. Code, § 667.5, subd. (b)) incorporated in Esquivel's sentence were no longer valid. The court conducted a full resentencing as required by the statute (*id.*, § 1172.75, subd. (d)), struck the offending enhancements, and made other changes that reduced Esquivel's sentence to 31 years, 8 months. Still included in that sentence was a 180-day concurrent term for possession of marijuana.

Although not brought to the court's attention at the time of resentencing, Esquivel now contends he is entitled to have his marijuana conviction stricken because possession of less than 28.5 grams is no longer illegal after the passage of Proposition 64 in 2016. He maintains his case must be remanded for another resentencing. The People dispute Esquivel's assertion that we can strike his marijuana conviction on appeal, but they concede he is entitled to make that request of the trial court pursuant to section 11361.8. Because we agree with the People, we will reverse in part and remand with directions.

---

[1]    We believe it appropriate to resolve this case by memorandum opinion. (See *People v. Garcia* (2002) 97 Cal.App.4th 847, 851–854.)

[2]    All statutory references are to the Health and Safety Code unless otherwise indicated.

# DISCUSSION

## A.     *Striking the Conviction for Possessing Marijuana*

In arguing that the trial court should have stricken his misdemeanor conviction for possession of marijuana, Esquivel relies on subdivision (d)(2) of Penal Code section 1172.75, which provides that upon resentencing a defendant and in addition to striking any now-invalid prison prior enhancements, "[t]he court shall apply . . . any other changes in law that reduce sentences." Section 11362.1 generally makes it legal for persons 21 years of age and older to possess less than 28.5 grams of marijuana. Citing *People v. Rossi* (1976) 18 Cal.3d 295 (*Rossi*) and similar cases, he contends that a conviction cannot stand and must be reversed if the conduct underlying that conviction is no longer illegal before the entry of final judgment.

The holding in *Rossi* is not quite so broad as Esquivel suggests. *Rossi* was a decision that applied the general principles of *In re Estrada* (1965) 63 Cal.2d 740 (*Estrada*) to a situation where, as here, the Legislature completely eliminated any sanction for a particular type of conduct. *Estrada* had established a presumption to assist in interpreting statutes that reduce punishment for criminal behavior. Under the *Estrada* rule, absent a clear indication of legislative intent to the contrary, "we presume that [such] legislation applies to all cases not yet final as of the legislation's effective date." (*People v. Esquivel* (2021) 11 Cal.5th 671, 673.) *Rossi* merely explained that the same presumption should also apply where the subsequent legislation totally eliminated—rather than simply reduced— punishment for specific behavior. (*Rossi, supra,* 18 Cal.3d at pp. 299, 301.)

The problem with Esquivel's argument is that the relevant legislation in this case plainly reflects a contrary intent. In addition to amending

3

section 11357, the basis for Esquivel's original conviction, and adding section 11362.1, Proposition 64 also enacted section 11361.8, which creates a special petition procedure for defendants "currently serving" a marijuana-related sentence to request the recall or dismissal of that sentence if they "would not have been guilty of an offense" under the new law.  This procedure provides broader relief than the *Estrada* presumption because it applies to anyone currently serving a sentence, even if the conviction is final.  But at the same time, section 11361.8 also includes an important caveat:  If the court finds that the petitioner otherwise qualifies for relief, it "shall grant the petition to recall the sentence or dismiss the sentence because it is legally invalid unless the court determines that granting the petition would pose an unreasonable risk of danger to public safety." (*Id.*, subd. (b).)  In other words, relief is not automatic.  It requires a case-by-case evaluation and entitles the People to be heard on the issue of public safety.

Because Proposition 64 created a special procedure to recall or dismiss sentences for marijuana-related convictions that would no longer be valid under current law, Esquivel was required to employ it.  But his argument on this appeal—which asks that the court conducting a Penal Code section 1172.75 resentencing to also strike his marijuana possession conviction— seeks to entirely bypass section 11361.8.  This is something he cannot do. Proposition 64 expressly addressed the question of retroactive application of section 11362.1, and it permitted already-convicted defendants to petition for relief subject to a determination that granting the petition would not create "an unreasonable risk of danger to public safety." (§ 11361.8, subd. (b).)  The *Estrada* presumption simply does not apply.  (See *People v. Rascon* (2017) 10 Cal.App.5th 388, 394–395 [Proposition 64's petition process "create[s] access to resentencing for prisoners previously sentenced for specified marijuana-

4

related crimes, 'but subject to judicial evaluation of the impact of resentencing on public safety,' " quoting *People v. Conley* (2016) 63 Cal.4th 646, 658–659].)

The parties agree that if Esquivel is not automatically entitled to have his marijuana conviction stricken, the proper remedy is to remand to the trial court with directions to conduct a hearing to determine whether Esquivel would "pose an unreasonable risk of danger to public safety" within the meaning of section 11361.8, subdivision (b) if the court were to dismiss his sentence for marijuana possession. We follow that path here.

## B.    *Clerical Errors*

In its oral pronouncement of judgment, the trial court sentenced Esquivel on count 7—unlawfully taking and driving a vehicle in violation of Vehicle Code section 10851—to the upper term of three years, doubled to six years for the prior strike, to run concurrently. Yet the minute order and abstract of judgment incorrectly reflect that the court *stayed* that sentence under Penal Code section 654. Because the oral pronouncement controls (see *People v. Farell* (2002) 28 Cal.4th 381, 384, fn. 2), we direct on remand that the trial court correct this clerical error to reflect that the sentence on count 7 was not stayed. (See *People v. Mitchell* (2001) 26 Cal.4th 181, 185–187; *People v. Zackery*(2007) 147 Cal.App.4th 380, 385–386.)

## DISPOSITION

The judgment is reversed in part and remanded to the trial court with directions to conduct a hearing pursuant to Health and Safety Code section 11361.8. On remand, the court is directed to correct the resentencing minute order and the abstract of judgment to reflect that sentence on count 7 was not stayed. The clerk shall provide a certified copy of the amended abstract to the Department of Corrections and Rehabilitation. In all other respects, the judgment is affirmed.

DATO, J.

WE CONCUR:


McCONNELL, P. J.


CASTILLO, J.

6