FOR PUBLICATION

# UNITED STATES COURT OF APPEALS
# FOR THE NINTH CIRCUIT

| | |
|---|---|
| CLAUDIA ERIKA PRADO, AKA Claudia Erika Prado Ramirez, *Petitioner*, <br><br> v. <br><br> WILLIAM P. BARR, Attorney General, *Respondent.* | No. 17-72914 <br><br> Agency No. A036-724-746 <br><br> ORDER AND AMENDED OPINION |

On Petition for Review of an Order of the
Board of Immigration Appeals

Argued and Submitted April 19, 2019
San Francisco, California

Filed May 10, 2019
Amended February 3, 2020

Before:  Michael Daly Hawkins and Milan D. Smith, Jr.,
Circuit Judges, and Barbara M. G. Lynn,[*] District Judge.

Order;
Opinion by Judge Hawkins

---

[*] The Honorable Barbara M. G. Lynn, Chief United States District
Judge for the Northern District of Texas, sitting by designation.

## SUMMARY**

### Immigration

The panel filed: 1) an order amending its prior opinion, denying panel rehearing, and denying, on behalf of the court, rehearing en banc; and 2) an amended opinion denying Claudia Prado's petition for review of a decision of the Board of Immigration Appeals. In the amended opinion, the panel held that Prado's felony conviction for Possession of Marijuana for Sale under California Health & Safety Code § 11359 made her removable even though the conviction had been recalled and reclassified as a misdemeanor under California's Proposition 64.

Based on her conviction, the Department of Homeland Security charged Prado as removable for: (1) committing an offense relating to a controlled substance; and (2) committing an aggravated felony, illicit trafficking in a controlled substance. While her removal charges were pending, Prado applied to the Superior Court of California to have her conviction reduced to a misdemeanor under California's Proposition 64, the Control, Regulate, and Tax Adult Use of Marijuana Act (the "Act"), which permits individuals who have completed their sentences under various statutes to have their felony convictions "redesignated" as misdemeanors. The state court granted Prado's application, but the immigration judge and BIA

---

** This summary constitutes no part of the opinion of the court. It has been prepared by court staff for the convenience of the reader.

found Prado removable as charged and denied relief from removal.

Before this court, Prado claimed that her conviction was no longer a predicate to removal because it had been recalled and reclassified under the Act. The panel concluded that her argument failed because federal immigration law does not recognize a state's policy decision to expunge (or recall or reclassify) a valid state conviction. In this respect, the panel explained that a conviction vacated for reasons unrelated to the merits of the criminal proceedings – such as equitable, rehabilitation, or immigration hardship reasons – may be used as a conviction in removal proceedings, whereas a conviction vacated because of a procedural or substantive defect in the criminal proceedings may not. The panel concluded that Prado's conviction retained its immigration consequences because it was reclassified for policy reasons of rehabilitation, rejecting her attempt to characterize California's decision that its marijuana policy was flawed as proof of a "substantive" flaw in her conviction.

The panel also concluded that Prado's argument – that the reclassification of her conviction eliminated its immigration consequences – failed because the Act merely reclassified her sentence as a matter of California law, rather than fully expunging it. The panel explained that common sense and this court's precedent dictate that partial expungement or reclassification cannot eliminate the immigration consequences of a conviction.

## COUNSEL

Hadiya Deshmukh (argued) and Sean P. McGinley (argued), Certified Law Students; Kari Elisabeth Hong (argued), Supervising Attorney; Boston College Law School, Ninth Circuit Appellate Project, Newton, Massachusetts; for Petitioner.

Genevieve M. Kelly (argued), Attorney; Bryan S. Beier, Senior Litigation Counsel; Cindy F. Ferrier and John W. Blakeley, Assistant Directors; Joseph H. Hunt, Assistant Attorney General; Office of Immigration Litigation, Civil Division, United States Department of Justice, Washington, D.C.; for Respondent.

Stephen Manning, Innovation Law Lab, Portland, Oregon, for Amicus Curiae Immigrant Legal Resource Center.

## ORDER

The opinion filed on May 10, 2019, and published at 923 F.3d 1203, is amended by the opinion filed concurrently with this order.

With these amendments, the panel votes to deny the Petitioner's petition for panel rehearing.

Judge Smith has voted to deny the petition for rehearing en banc, and Judges Hawkins and Lynn so recommend. The full court has been advised of the petition for rehearing en banc and no judge of the court has requested a vote on whether to rehear the matter en banc. Fed. R. App. P. 35.

Petitioner's petition for rehearing and petition for rehearing en banc are **DENIED**.

## OPINION

HAWKINS, Senior Circuit Judge:

Claudia Prado ("Prado") seeks review of the Board of Immigration Appeals' conclusion that her California felony conviction for possession of marijuana was an "aggravated felony" and an offense "relating to a controlled substance" that rendered her removable. *See* 8 U.S.C. §§ 1227(a)(2)(A)(iii), (a)(2)(B)(i). Prado claims this conviction is no longer a predicate to removal because it was recalled and reclassified as a misdemeanor under California's Proposition 64. Because valid state convictions retain their immigration consequences even when modified or expunged for reasons of state public policy, we deny her petition.

### BACKGROUND

Born in Mexico, Prado entered the United States with her parents in 1972, when she was approximately six months old. She became a lawful permanent resident on December 29, 1980. Thereafter, she resided in the United States but never became a United States citizen.

On May 28, 2014, Prado pled guilty to one felony count of Possession of Marijuana for Sale, in violation of California Health and Safety Code ("CHSC") Section 11359. The Superior Court of California, County of Orange, placed her on probation for three years.

Two years later, the United States Department of Homeland Security ("DHS") encountered Prado at the Orange County Jail, where she was serving time on a subsequent drug conviction.  DHS charged Prado with two violations of the Immigration and Nationality Act ("INA"), both arising from her conviction under CHSC § 11359, and either of which would render her removable: (1) committing an offense "relating to a controlled substance," in violation of 8 U.S.C. § 1227(a)(2)(B)(i); and (2) committing an aggravated felony, illicit trafficking in a controlled substance, in violation of 8 U.S.C. § 1227(a)(2)(A)(iii).

While her removal charges were pending, Prado applied to the Superior Court of California to have her conviction reduced from a felony to a misdemeanor under California's Proposition 64, the Control, Regulate, and Tax Adult Use of Marijuana Act (the "Act").  The Act permits individuals who have completed their sentences under various statutes, including CHSC § 11359, to have their felony convictions "redesignated" as misdemeanors.  *See* CHSC §§ 11359(b), 11361.8(e).  The court granted Prado's application in an order stating, "The following felony conviction(s) is/are recalled and reclassified as misdemeanor conviction(s) and any enhancements are dismissed by operation of law: 11359."

Thereafter, Prado applied for asylum, withholding of removal, cancellation of removal, and protection under the Convention Against Torture.  After several hearings, an immigration judge ("IJ") denied all of these applications and found Prado removable as charged.  The IJ noted that, although Prado's conviction was reduced from a felony to a misdemeanor, "the conviction remains a conviction for [i]mmigration purposes," and "[t]he fact that it has been reduced to a misdemeanor does not change the fact that it is

a controlled substance related offense and that it still contains the trafficking element." The IJ concluded, "The Court does believe that at this point the respondent's conviction remains both a controlled substances offense and an aggravated felony."

Prado timely appealed the IJ's determinations that she was removable and ineligible for asylum. In her pro se brief to the Board of Immigration Appeals ("BIA"), Prado argued her conviction did not constitute an "aggravated felony" or an offense "relating to a controlled substance" because it was recalled and reclassified under the Act. In support of this argument, she submitted a report by the Immigrant Legal Resource Center on Proposition 64, which noted that the Act could reduce the immigration consequences of certain marijuana offenses but acknowledged that a marijuana conviction eliminated for rehabilitative purposes "remains a conviction for immigration purposes."

The BIA dismissed Prado's appeal. In response to Prado's argument that California recalled and reclassified her conviction as a misdemeanor, thereby eliminating its immigration consequences, the BIA observed that Prado failed to identify any authority in support of her position. Instead, the BIA held that Prado's appeal was foreclosed by *Roman-Suaste v. Holder*, 766 F.3d 1035 (9th Cir. 2014), which held that a "conviction under CHSC § 11359 categorically qualifies as an aggravated felony, namely 'illicit trafficking in a controlled substance.'" *See id.* at 1037 (quoting 8 U.S.C. § 1101(a)(43)(B)). The BIA also dismissed Prado's appeal of the IJ's finding that she was convicted of an offense "relating to a controlled substance."

## DISCUSSION

Prado does not contest that a conviction under CHSC § 11359, as it stood on the day of her guilty plea, would be grounds for removal. Instead, Prado argues that the reclassification of her conviction under the Act means she is no longer removable. First, she argues that the Act's reclassification of her initial conviction eliminated its immigration consequences. Second, she argues that she was re-convicted under the modified terms of CHSC § 11359, and that her new conviction is neither an "aggravated felony" nor an "offense relating to a controlled substance," because the Act's definition of "marijuana" is broader than the definition used in the INA. *See Moncrieffe v. Holder*, 569 U.S. 184, 190–91 (2013) (a state offense must be a "categorical match" to the offense listed in the INA in order to serve as a predicate for removal).

Prado's argument fails because federal immigration law does not recognize a state's policy decision to expunge (or recall or reclassify) a valid state conviction. "A conviction vacated for reasons 'unrelated to the merits of the underlying criminal proceedings' may be used as a conviction in removal proceedings whereas a conviction vacated because of a procedural or substantive defect in the criminal proceedings may not." *Poblete Mendoza v. Holder*, 606 F.3d 1137, 1141 (9th Cir. 2010) (quoting *Nath v. Gonzales*, 467 F.3d 1185, 1189 (9th Cir. 2006)). Thus, an individual remains removable based on a conviction that was vacated "for equitable, rehabilitation, or immigration hardship reasons." *See Nath*, 467 F.3d at 1188–89. This is because "Congress intended to establish a uniform federal rule that precluded the recognition of subsequent state rehabilitative expungements of convictions." *See Murillo-Espinoza v. I.N.S.*, 261 F.3d 771, 774 (9th Cir. 2001)

(deferring to BIA's interpretation of the INA); *see also United States v. Campbell*, 167 F.3d 94, 97 (2d Cir. 1999) ("[W]hether one has been 'convicted' within the language of [federal] statutes is necessarily . . . a question of federal, not state, law, despite the fact that the predicate offense and its punishment are defined by the law of the State.") (second and third alteration in original) (citation omitted)).

Prado's conviction was reclassified for policy reasons of rehabilitation, rather than because it was substantively or procedurally flawed. The Act permits individuals who have completed their sentences under statutes criminalizing the sale, possession, production, or transportation of marijuana to have their convictions reclassified and reduced. *See* CHSC § 11361.8(e). Thus, the Act resembles other statutes we have deemed "rehabilitative." *See, e.g.*, *Murillo-Espinoza*, 261 F.3d at 774 & n.3 (describing as "rehabilitative" a statute permitting individuals to apply to have judgments against them set aside after completing their sentence (citing Ariz. Rev. Stat. § 13-907(A))); *Chavez-Perez v. Ashcroft*, 386 F.3d 1284, 1288 (9th Cir. 2004) (same (citing Or. Stat. § 137.225(1)(a))).

The rehabilitative purpose of the Act is further demonstrated by Prado's own citation to materials showing why California voters passed the Act. *See In re Lance W.*, 694 P.2d 744, 754 (Cal. 1985) ("In construing . . . statutory provisions, whether enacted by the Legislature or by initiative, the intent of the enacting body is the paramount consideration."). For instance, Prado cites the Official Voter Information Guide's statement that "Prop. 64 will stop ruining people's lives for marijuana," as well as then-Lieutenant Governor Gavin Newsom's statement that "the true promise of Proposition 64 [is] providing new hope and opportunities to Californians, primarily people of color,

whose lives were long ago derailed by a costly, broken and racially discriminatory system of marijuana criminalization." Considering these statements and the structure of the Act, it seems the Act's reclassification of Prado's conviction was intended to reduce the ongoing negative effects of her conviction for rehabilitative purposes.

We are not persuaded by Prado's attempt to characterize California's decision that its marijuana policy was flawed as proof of a "substantive" flaw in her conviction. Prado explains that California voters passed Proposition 64 because they believed California's marijuana laws were unjust, and claims that California's "enforcement of its old laws presents constitutional and legal defects in Ms. Prado's initial conviction." However, Prado merely asserts that California's pre-Act drug enforcement policies were illegal or unconstitutional, without attempting to show how the proceedings against her were defective in any way. Because Prado does not challenge the validity of her conviction, it retains its immigration consequences.

Finally, Prado's argument fails because the Act merely reclassified her sentence as a matter of California law, rather than fully expunging it.[1] As we explained in *Ramirez-Castro v. I.N.S.*, even "assuming that some state expungement statutes could eliminate completely the immigration consequences of a state conviction," a statute that "provides only a limited expungement even under state law" is not such a statute. 287 F.3d 1172, 1175 (9th Cir.

---

[1] While the Act permits a person who has completed his or her sentence under CHSC § 11359 to apply to "have the conviction dismissed and sealed because the prior conviction is now legally invalid," Prado neither requested nor received this form of relief. *See* CHSC § 11361.8(e).

2002).    The Act did not completely eliminate the consequences of Prado's conviction under CHSC § 11359 even as a matter of state law; rather, it reclassified that conviction to a misdemeanor, under the modified terms of CHSC § 11359.  *See* CHSC § 11361.8(e); *see People v. Lin*, 236 Cal. Rptr. 3d 818, 825 (Cal. App. Dep't Super. Ct. 2018) ("[A]fter Proposition 64, possession of marijuana with intent to sell . . . remain[s] subject to criminal condemnation.  The penalties are simply lower.") (citation and quotation marks omitted).  Common sense and our precedent dictate that partial expungement or reclassification cannot eliminate the immigration consequences of a conviction.

Thus, we agree with the BIA that Prado's initial conviction retained its immigration consequences and rendered her removable.  *See Roman-Suaste*, 766 F.3d at 1037.  We need not consider Prado's argument, relying on *Moncrieffe*, that a conviction under the modified terms of § 11359 would not be a predicate for removal.

**PETITION DENIED.**