**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| UNITED STATES OF AMERICA, | No.    18-50384 |
| Plaintiff-Appellee, | D.C. No. 2:14-cr-00338-SJO-4 |
| v. | |
| MARQUIS SHAW, | MEMORANDUM[*] |
| Defendant-Appellant. | |

Appeal from the United States District Court
for the Central District of California
S. James Otero, District Judge, Presiding

Argued and Submitted February 9, 2022
Pasadena, California

Before:  SCHROEDER, TALLMAN, and LEE, Circuit Judges.

Marquis Shaw appeals his 420-month sentence imposed following his jury

conviction for one count of distribution of crack cocaine in violation of 21 U.S.C.

§ 841 and two counts of distribution of crack cocaine within 1,000 feet of a school

or public park in violation of 21 U.S.C. § 860.  The jury acquitted him on charges

---

[*]     This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

of (1) violating the Racketeer Influenced and Corrupt Organizations Act ("RICO") for conspiring to manufacture and distribute controlled substances, (2) committing a Violent Crime in Aid of Racketerring ("VICAR") (in this instance a murder), (3) carrying or using a firearm in furtherance of the RICO conspiracy or the VICAR murder, and (4) conspiring to distribute cocaine, crack cocaine, and marijuana.

The sentence included a career offender enhancement imposed on the basis of two prior felonies. One was a 1994 marijuana conviction under a statute that decades later was reduced to an infraction punishable by a fine not to exceed $100. Shaw challenges the court's reliance on that conviction because the underlying offense is no longer considered a felony. Under the Guidelines, however, prior convictions qualify as predicates for career offender status unless the conviction was set aside because of "innocence" or "subsequently discovered evidence exonerating the defendant," because of "errors of law," or because the conviction was "ruled constitutionally invalid." *See* U.S. Sent'g Guidelines Manual § 4A1.2, application notes 6, 10. Indeed, the Guidelines expressly contemplate that at least some felony convictions that are no longer considered felonies at the time of sentencing will still count as career offender predicates. *See id.* § 4B1.1, application note 4. Shaw's conviction was redesignated to an infraction for reasons "unrelated to the merits of the underlying criminal proceedings." *Prado v.*

2

*Barr*, 949 F.3d 438, 441 (9th Cir. 2020). Thus, Shaw's conviction was not redesignated because he was innocent, an error of law occurred, or the conviction was ruled constitutionally invalid, and the district court correctly relied on that conviction for the enhancement.

Shaw also contends that the district court made a number of errors related to the use of acquitted conduct at his sentencing. Shaw's claim that the use of acquitted conduct violated the Sixth Amendment is foreclosed by a prior decision of this Court. *See United States v. Mercado*, 474 F.3d 654, 655-58 (9th Cir. 2007). Shaw also claims that the use of acquitted conduct violates due process under the Fifth Amendment. This claim receives plain error review. *See United States v. Perez*, 962 F.3d 420, 435 (9th Cir. 2020) (applying plain error review to a Fifth Amendment claim brought up for the first time on appeal). Shaw cannot show that the use of acquitted conduct was plain error because the Supreme Court has stated that the use of acquitted conduct at sentencing "generally satisfies due process" as long as the conduct was proven by a preponderance of evidence. *See United States v. Watts*, 519 U.S. 148, 156 (1997). Shaw's claim that the court incorrectly considered acquitted conduct as relevant conduct for purposes of § 1B1.3(a)(2) is unsupported by the record, which shows that the court expressly stated that it

considered that conduct as part of the § 3553(a) sentencing factor analysis, not as relevant conduct under § 1B1.3(a)(2).

The record does not reflect that Shaw demonstrated contrition at any time after his conviction; he was not entitled to a deduction for acceptance of responsibility. *See United States v. Rodriguez*, 851 F.3d 931, 949 (9th Cir. 2017).

Shaw's sentence was predicated, in large part, on his status as a career offender, and courts may take career offender status into account without violating the Eighth Amendment. *See, e.g.*, *Ewing v. California*, 538 U.S. 11, 29-30 (2003).

The district court presided over Shaw's 18-day trial stemming from a multi-defendant indictment. Shaw's trial included evidence of his conduct relating to his membership in the gang known as the Broadway Gangster Crips, and the role he played in gang activities. Shaw points to nothing the district court considered in sentencing that was not disclosed to him prior to sentencing. Thus, there was no violation of Federal Rule of Civil Procedure 32.

Nor does the record support Shaw's argument that the district court failed to consider disparities in sentences of co-defendants as appropriate under § 3553. The district court expressly noted differences between Shaw's conduct and that of co-defendants. The sentence was therefore neither procedurally nor substantively unreasonable.

**AFFIRMED.**

4