NOT FOR PUBLICATION

FILED

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

JUN 27 2022

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| JONG MIN KIM,<br><br>               Petitioner,<br><br>  v.<br><br>MERRICK B. GARLAND, Attorney General,<br><br>               Respondent. | No.   21-70432<br><br>Agency No. A200-311-565<br><br>MEMORANDUM[*] |

On Petition for Review of an Order of the
Board of Immigration Appeals

Argued and Submitted June 13, 2022
San Francisco, California

Before: RAWLINSON, CHRISTEN and KOH, Circuit Judges.

Jong Min Kim ("Kim"), a native and citizen of South Korea, seeks review of

a decision of the Board of Immigration Appeals ("BIA") affirming the denial by an

immigration judge ("IJ") of Kim's motion to reopen. We have jurisdiction under 8

U.S.C. § 1252. We "review the BIA's denial of a motion to reopen for an abuse of

discretion," *Hernandez-Ortiz v. Garland*, 32 F.4th 794, 800 (9th Cir. 2022), and

---

[*]    This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

"the BIA's legal determinations *de novo*," *Velasquez-Rios v. Wilkinson*, 988 F.3d 1081, 1085 (9th Cir. 2021). For the reasons below, we deny the petition for review.[1]

1.      The "BIA is entitled to deny a motion to reopen where the applicant fails to demonstrate prima facie eligibility for the underlying relief." *Lopez-Vasquez v. Holder*, 706 F.3d 1072, 1080 (9th Cir. 2013). The relief Kim seeks is cancellation of removal. For cancellation of removal, Kim must prove "*all* aspects of [his] eligibility," including showing that "he has not been convicted of certain criminal offenses." *Pereida v. Wilkinson*, 141 S. Ct. 754, 758-59 (2021) (emphasis added). Kim was previously convicted of a drug felony under California Health and Safety Code § 11359, rendering him ineligible for cancellation of removal. *See Roman-Suaste v. Holder*, 766 F.3d 1035, 1040 (9th Cir. 2014).

However, a state conviction vacated because of a procedural or substantive defect in the underlying criminal proceeding cannot be used in removal proceedings. *See Prado v. Barr*, 949 F.3d 438, 441 (9th Cir. 2020). A state conviction vacated for equitable, rehabilitation, or immigration hardship reasons remains valid under federal immigration law. *Id.*

A California state court vacated Kim's drug felony conviction prior to Kim filing the motion to reopen. Kim bears the burden of showing that Kim's

---

[1] Kim's motion for stay of removal is denied as moot.

conviction was vacated because of a procedural or substantive defect. *See Pereida*, 141 S. Ct. at 761 (rejecting the argument that the government bears the burden of proof to show whether an individual applying for cancellation of removal was convicted of disqualifying criminal offenses).

Kim fails to carry his burden because he fails to identify in the record any procedural or substantive defect in his underlying criminal proceeding. *See Prado*, 949 F.3d at 441-42. As such, Kim fails to show prima facie eligibility for cancellation of removal, and the BIA did not abuse its discretion in denying Kim's motion to reopen.

Kim relies on *Nath v. Gonzales*, 467 F.3d 1185 (9th Cir. 2006), but that case is inapposite. In *Nath*, we required the government to show why the state court vacated a conviction because the government relied on that conviction as the basis of removal. *Id.* at 1188-89*; accord* 8 U.S.C. § 1229a(c)(3)(A). Here, the government did not rely on Kim's vacated conviction as the basis for removal.

2.     Kim's due process claim is unexhausted and unpersuasive. To the extent Kim alleges a due process violation by the IJ, Kim failed to exhaust that claim before the BIA. *See Sola v. Holder*, 720 F.3d 1134, 1136 (9th Cir. 2013) (due process claims correctable by the BIA must be presented to the BIA). Nor has Kim shown any error by the BIA or resulting prejudice. *Lata v. I.N.S.*, 204 F.3d 1241, 1246 (9th Cir. 2000) (petitioner must show error and prejudice to succeed on

a due process claim).

3.      Kim argues the BIA erred by relying on *Matter of Thomas &*
*Thompson*, 27 I. & N. Dec. 674 (A.G. 2019), a published opinion by the United
States Attorney General. This argument fails for two reasons. First, in the instant
case the BIA did not rely on the portion of *Matter of Thomas* overruling BIA
precedent. Second, Kim's contention that *Matter of Thomas* violates the United
States Constitution because the United States Attorney General overruled prior
BIA precedent, is incorrect. "[T]he Attorney General may overrule the BIA by
issuing a published opinion." *Miguel-Miguel v. Gonzales*, 500 F.3d 941, 947 (9th
Cir. 2007).

**PETITION DENIED.**